# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 13-554V
(E-Filed: April 14, 2014)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| GIGI H. CORUM, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | Special Master |
| | * | Hamilton-Fieldman |
| v. | * | |
| | * | Influenza vaccine; Transverse Myelitis; |
| SECRETARY OF HEALTH AND | * | Decision; Stipulation. |
| HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | | |

Nancy Meyers, Ward Black Law, Greensboro, NC, for Petitioner.
Lara Englund, United States Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On August 7, 2013, Petitioner, Gigi H. Corum, filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program"). Petitioner alleged that she suffered transverse myelitis that was caused-in-fact by her influenza vaccination administered on September 14, 2011.[2]

---

[1] Because this unpublished decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Otherwise, "the entire" decision will be available to the public. *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C.A. § 300aa-10 *et seq.* (2006 ed.) ("Vaccine Act" or "the

1

Respondent denies that Petitioner's vaccination caused her injuries. Nonetheless, both parties, while maintaining their above stated positions, agreed in a Stipulation, filed April 14, 2014, ("Stipulation") that the issues before them can be settled and that a decision should be entered awarding Petitioner compensation.

The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The stipulation awards:

> A lump sum of $201,092.02, in the form of a check payable to Petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. §300aa-15(a) to which Petitioner would be entitled.

Stipulation ¶ 8.

The undersigned approves the requested amounts for Petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

s/Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master

---

Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa-10 *et seq.* (2006 ed.).

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| GIGI H. CORUM, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 13-554V |
| ) | Special Master Lisa Hamilton-Fieldman |
| SECRETARY OF ) | |
| HEALTH AND HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioner Gigi H. Corum ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the influenza vaccine ("flu"), which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received a flu vaccine on or about September 14, 2011.

3. The vaccine was administered within the United States.

4. Petitioner alleges that the flu vaccine caused her to develop transverse myelitis, and that she experienced residual effects of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of her condition.

6. Respondent denies that the flu vaccine is the cause of petitioner's transverse myelitis, or any other injuries, or her current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of **$201,092.02** in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on September 14, 2011, as alleged by petitioner in a petition for vaccine compensation filed on or about August 7, 2013, in the United States Court of Federal Claims as petition No. 13-554V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused petitioner's transverse myelitis, or any other injury, or her current condition.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/
/
/
/
/

Respectfully submitted,

PETITIONER:

*GiGi H. Corum* (signature)
GIGI H. CORUM

| | |
|---|---|
| ATTORNEY OF RECORD FOR PETITIONER: | AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL: |
| (signature) | (signature) |
| NANCY R. MEYERS<br>WARD BLACK LAW, P.A.<br>208 West Wendover Avenue<br>Greensboro, NC 27401<br>(336) 333-2244 | VINCENT J. MATANOSKI<br>Deputy Director<br>Torts Branch<br>Civil Division<br>U.S. Department of Justice<br>P.O. Box 146<br>Benjamin Franklin Station<br>Washington, DC 20044-0146 |
| AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES: | ATTORNEY OF RECORD FOR RESPONDENT: |
| (signature) | (signature) |
| VITO CASERTA, M.D., M.P.H.<br>Acting Director, Division of Vaccine Injury Compensation<br>Director, Countermeasures Injury Compensation Program<br>Healthcare Systems Bureau<br>U.S. Department of Health and Human Services<br>5600 Fishers Lane<br>Parklawn Building, Mail Stop 11C-26<br>Rockville, MD 20857 | LARA A. ENGLUND<br>Trial Attorney<br>Torts Branch<br>Civil Division<br>U.S. Department of Justice<br>P.O. Box 146<br>Benjamin Franklin Station<br>Washington, DC 20044-0146<br>(202) 307-3013 |

Dated: 4/14/14